**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FAYE MORRISON, et al., individually and on behalf of similarly situated individuals, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 08-565-GPM ) |
| YTB INTERNATIONAL, INC., et al., | ) Consolidated with: ) CIVIL NO. 08-579-GPM |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which is a putative class action in which federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), is before the Court sua sponte for purposes of docket control on the recently filed First Amended Consolidated Complaint in the case (Doc. 65). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of district courts to control their dockets to ensure the orderly and efficient resolution of cases thereon); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (same); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (same); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (same). For the following reasons the First Amended Consolidated Complaint is stricken from the record of the case.

By order entered June 5, 2009, the Court dismissed this case. Specifically, the Court dismissed from the case Plaintiffs Faye Morrison, Kwame Thompson, Jeffrey Hartman,

Polly Hartman, JPH Development, Inc. ("JPH"), Grace Perry, and Courtney Speed, holding that, as non-residents of Illinois, they may not assert claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 849-55 (Ill. 2005). Additionally, the Court dismissed the ICFA claim of the remaining Plaintiff, John Stull, holding that although Stull is a resident of Illinois and thus entitled to invoke the ICFA, as a non-consumer he must allege a "consumer nexus" between his claim and trade practices addressed to the market generally or that otherwise implicate consumer protection concerns. *See Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *5 n.7 (S.D. Ill. July 6, 2007). Finally, the Court dismissed from the case Defendants REZconnect Technologies, Inc., and Michael Brent for lack of personal jurisdiction. The Court directed Stull to redraft his ICFA claim to allege the requisite "consumer nexus" and to file an amended complaint accordingly within twenty days of the date of entry of the Court's order of dismissal; thereafter the Court extended the time for filing until July 15, 2009.

      The First Amended Consolidated Complaint, filed July 15, 2009, is an ungainly monster of 39 pages containing 133 paragraphs (many of which have subparagraphs) that likely does not pass muster under the familiar federal "notice pleading" standard. *See, e.g., Dudley Enters., Inc. v. Palmer Corp.*, 822 F. Supp. 496, 499-500 (N.D. Ill. 1993) (dismissing as violative of Rule 8 of the Federal Rules of Civil Procedure, requiring only a short and plain statement of a claim, a complaint under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and state law that contained 111 allegations with extensive subparagraphs spread over 46 pages and was organized in a confusing, disjointed, and repetitive manner). Also, the First Amended Consolidated Complaint realleges the ICFA claims of Morrison, Thompson, Jeffrey and Polly Hartman, JPH,

Perry, and Speed that the Court previously held those Plaintiffs have no standing to assert, and continues to assert ICFA claims on behalf of a putative nationwide class; in fact, a good deal of the flabbiness in the sprawling pleading before the Court consists of paragraphs of legal argument challenging the Court's earlier dismissal of the ICFA claims of the non-Illinois Plaintiffs. The First Amended Consolidated Complaint also joins a number of new claims, including a claim for conspiracy under Illinois law, together with claims for statutory consumer fraud under the laws of Missouri, Utah, and Georgia. Finally, the First Amended Consolidated Complaint joins six new Defendants, to wit, Meridian Land Co., Winfield Development, LLC, CCMP, Inc., Timothy Kaiser, M.D., Clay O. Winfield, and Robert Van Patten.

Although no responsive pleading has been filed in this case, the Court's dismissal of the case pursuant to its June 5, 2009, order terminated Plaintiffs' right to file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a); *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 2608875, at \*\*3-4 (S.D. Ill. Sept. 6, 2007) (collecting cases). Accordingly, the Court will strike the First Amended Consolidated Complaint in this case. *See* Fed. R. Civ. P. 12(f) (authorizing a court sua sponte to strike "redundant, immaterial, impertinent, or scandalous matter" contained in a pleading). If Plaintiffs wish to file their First Amended Consolidated Complaint as it is pleaded currently, they will file a motion requesting leave of Court to do so. In their motion Plaintiffs should bear in mind that the Court's order entered June 5, 2009, establishes the law of the case, from which the Court is unlikely to depart absent a showing of compelling reasons to do so. *See Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 708-09 (S.D. Ill. 2007); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 1003-04 (S.D. Ill. 2006); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842 (S.D. Ill. 2006); *Hauck v. ConocoPhillips Co.*, Civil

No. 06-135-GPM, 2006 WL 1596826, at *6 (S.D. Ill. June 6, 2006). As a general rule the Court is not fond of "ill-founded requests for reconsideration of matters previously decided," given that such requests "needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again." *Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006) (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)). Put another way, the Court does not intend to spend a great deal more judicial time than it already has spent in hashing over with Plaintiffs and their counsel the matter of whether under the circumstances of this case non-residents of Illinois are entitled to maintain claims under the ICFA. Parties aggrieved by the Court's rulings always have the option of seeking review of those rulings in a higher court at an appropriate time. So long as they are in this Court, however, litigants and their counsel do well not to treat the Court's rulings "as mere first drafts, subject to revision and reconsideration at a litigant's pleasure[.]" *Ledbetter v. Jackson County Ambulance Serv.*, Civil No. 05-4190-GPM, 2007 WL 4226071, at *2 (S.D. Ill. June 12, 2007) (quoting *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1074).

To conclude, the First Amended Consolidated Complaint in this case (Doc. 65) is hereby **STRICKEN** from the record of the case.

**IT IS SO ORDERED.**

DATED: 07/20/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
