IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FAYE MORRISON, et al., individually and on behalf of similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 08-565-GPM ) |
| YTB INTERNATIONAL, INC., et al., | ) Consolidated with: ) CIVIL NO. 08-579-GPM and |
| Defendants. | ) CIVIL NO. 10-305-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

These consolidated cases are before the Court on a motion to quash a subpoena duces tecum. As has been discussed on previous occasions by the Court, this matter involves a putative class action under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. *See Morrison v. YTB Int'l, Inc*., Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at **1-2 (S.D. Ill. Apr. 19, 2010); *Morrison v. YTB Int'l, Inc*., Civil Nos. 08-565-GPM, 08-579-GPM, 2009 WL 2244724, at *1 (S.D. Ill. July 20, 2009); *Morrison v. YTB Int'l, Inc*., 641 F. Supp. 2d 768, 771-73 (S.D. Ill. 2009). On or about March 18, 2010, Plaintiffs Faye Morrison, John Stull, Kwame Thompson, Jeffrey Hartman, Polly Hartman, JPH Development, Inc. ("JPH"), Grace Perry, and Courtney Speed served Thayer C. Lindauer, a non-party, with a subpoena duces tecum issued from the United States District Court for the Central District of California. Thereafter, Defendants YTB International, Inc., YourTravelBiz.com, Inc.,

YTB Travel Network, Inc., YTB Travel Network of Illinois, Inc., J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, Meridian Land Company, Winfield Development, LLC, CCMP, Inc., Timothy Kaiser, M.D., Clay O. Winfield, and Robert Van Patten moved to quash the subpoena duces tecum in the federal court in California from which the subpoena was issued. The matter was docketed as *Morrison v. YTB International, Inc.*, Case No. CV:10-2560-CBM(RZx) (C.D. Cal. filed Apr. 8, 2010). The basis for the motion to quash is an assertion of attorney-client privilege; it appears that Lindauer is a lawyer and a legal advisor to Defendants.

On April 20, 2010, the proceedings in the federal court in California were transferred to this Court pursuant to 28 U.S.C. § 1404(a) on a joint motion of the parties. Upon arrival in this Court, the transferred proceedings were docketed as *Morrison v. YTB International, Inc.*, Civil No. 10-305-GPM (S.D. Ill. filed Apr. 21, 2010). Subsequently, Civil No. 10-305-GPM was consolidated with two related cases, *Morrison v. YTB International, Inc.*, Civil No. 08-565-GPM (S.D. Ill. filed Aug. 8, 2008), and *Hartman v. YTB International, Inc.*, Civil No. 08-579-GPM (S.D. Ill. filed Aug. 14, 2008); at the time, Civil No. 08-565-GPM and Civil No. 08-579-GPM already had been consolidated, with Civil No. 08-565-GPM as the lead case. The Court has reviewed carefully the record of the proceedings in Civil No. 10-305-GPM while the case was pending in the federal court in California and concludes that the sole issue presented is whether the subpoena duces tecum issued from the federal court in California regarding a deposition of Lindauer should be quashed on grounds of attorney-client privilege. It appears from the record that briefing on the motion to quash is not complete. However, notwithstanding the incompleteness of the briefing on the motion to quash, under settled legal principles the correct disposition of the motion is clear, and therefore the Court now rules on the motion as follows.

In general, of course, "[p]roduction of documents from non-parties for discovery purposes can only be compelled by a subpoena duces tecum issued under Rule 45 [of the] Federal Rules of Civil Procedure." *Nalco Chem. Co. v. Hydro Techs., Inc.*, 148 F.R.D. 608, 619 (E.D. Wis. 1993). *See also In re Factor VIII*, 174 F.R.D. 412, 413 (N.D. Ill. 1997); *United States v. Allen*, 578 F. Supp. 468, 472-73 (W.D. Wis. 1982). Rule 45 prescribes as a general requirement for subpoenas that "[e]very subpoena must . . . state the court from which it issued[.]" Fed. R. Civ. P. 45(a)(1)(A)(i). The rule provides further that "[o]n timely motion, the *issuing court* must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" *BP Prods. N. Am., Inc. v. Bulk Petroleum Corp.*, Nos. 07-C-1085, 07-C-1090, 2008 WL 4066106, at *3 (E.D. Wis. Aug. 27, 2008) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iii)) (emphasis added). Here, as noted, the asserted basis for Defendants' motion to quash the subpoena duces tecum served on Lindauer is attorney-client privilege, and therefore although the subpoena at issue here is not directed to Defendants, they nonetheless have standing to challenge the subpoena. *See Atlantic Inv. Mgmt., LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395, 398 (N.D. Ill. 2002); *Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N.D. Ill. 1999). Unfortunately, Defendants are attempting to challenge the subpoena issued from the federal court in California in the wrong court. As is apparent from the language of Rule 45, only the court that issued a subpoena, here the district court in California, has the authority to enforce or to quash or modify the subpoena. The commentary to Rule 45 explains, "[i]t is the court 'from' which the subpoena issues . . . that has the needed jurisdiction to enforce the subpoena. Motions to quash, modify, or condition the subpoena are also made to *the district court of the district from which the subpoena issued*." Fed. R. Civ. P. 45 advisory committee's note (emphasis added).

"The language of [Rule 45] 'suggests that only the issuing court has the power to act on its subpoenas. Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them.'" *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 2001 WL 881354, at *7 (N.D. Ill. Aug. 2, 2001) (quoting *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998)). Accordingly, this Court "lacks the power to enforce or modify subpoenas obtained from other district courts." *Id*. See also *Hartford Fire Ins. Co. v. Transgroup Express, Inc.*, 264 F.R.D. 382, 384 (N.D. Ill. 2009) (citing Fed. R. Civ. P. 45(c)(3)(A)) ("A motion to quash . . . a subpoena must be filed and decided in the court from which the subpoena was issued."); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2008 WL 687220, at **1-2 (N.D. Ill. Mar. 10, 2008) (the court lacked authority either to enforce or to modify subpoenas issued by federal courts in Missouri and Washington); *Manufacturer Direct, LLC v. Directbuy, Inc.*, No. 2:05 cv 451, 2007 WL 496382, at *2 (N.D. Ind. Feb. 12, 2007) (denying a motion to quash a subpoena because the court where the motion was filed was not the court from which the subpoena had issued); *Rios v. Indiana Univ.*, No. 3:04-CV-276 RM, 2005 WL 1828767, at *2 (N.D. Ind. July 28, 2005) (same); *Lieberman v. American Dietetic Ass'n*, No. 94 C 5353, 1995 WL 250414, at *1 (N.D. Ill. Apr. 25, 1995) ("Rule 45(c)(3)(A) states that, under the conditions specified therein and upon timely motion, . . . the court by which a subpoena was issued . . . may quash or modify the subpoena. Nothing, however, authorizes *this* court to either enforce or modify subpoenas obtained from the California district court[.]") (emphasis in original); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2463.1 (3d ed. 1998 & Supp. 2009) ("[M]otions to quash, modify, or condition [a] subpoena are to be made in the district court of the district from which the subpoena issued.") (collecting cases).

In view of the fact that the Court clearly is without power to quash the subpoena duces tecum issued from the district court in California that was served on Lindauer, Defendants' motion to quash will be denied.[1] The Court notes that while it lacks power to quash the subpoena directed to Lindauer, it nonetheless is within the Court's authority to enter a protective order based on Defendants' claim of attorney-client privilege. Under Rule 26 of the Federal Rules of Civil Procedure, of course, the Court "may, for good cause," issue a protective order. Fed. R. Civ. P. 26(c)(1). *See also Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1076-77 (S.D. Ill. 2006). Because the scope of discovery in federal court generally is limited to non-privileged, relevant material, a meritorious claim of privilege is good cause for a protective order. *See* Fed. R. Civ. P. 26(b)(1); *United States v. Illinois Fair Plan Ass'n*, 67 F.R.D. 659, 661-62 (N.D. Ill. 1975). The Federal Rules of Civil Procedure clearly contemplate that a party to an action may challenge a subpoena directed to a non-party via a request for a protective order in the court where the action is pending, rather than in the court from which a subpoena to a non-party

---

1. The Court notes as a further matter that the practice of transferring motions between federal courts, which, as already has been discussed, is how the instant motion to quash came before the Court, is highly disfavored in this Circuit. As the United States Court of Appeals for the Seventh Circuit has pointed out in the past, while both 28 U.S.C. § 1404 and 28 U.S.C. § 1407 authorize transfer of cases, neither authorizes transfer of mere motions instead of cases. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996). In light of *Orthopedic Bone Screw*, "[o]ther circuits have approved of transferring motions (as opposed to whole cases), but the Seventh Circuit has not." *Griffith v. United States*, No. 07 C 1522, 2007 WL 2164204, at *1 (N.D. Ill. May 24, 2007). Rather, "[p]ost *Orthopedic Bone Screw*, district courts in the Seventh Circuit disfavor transferring Rule 45 motions to quash except in the instance of multidistrict litigation." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006). *See also Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 n.4 (N.D. Ind. 2001) (citing *Orthopedic Bone Screw*, 79 F.3d at 48) (noting that "the Seventh Circuit frowns on the practice" of discretionary transfers of motions). *Accord Sealed Case*, 141 F.3d at 343 (stating with respect to "the idea that a district court may transfer a motion to quash a subpoena" that "[t]he Rules of Civil Procedure themselves do not provide any basis for such authority, and district courts have no inherent powers to transfer.").

was issued. Rule 26 provides, in relevant part, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or *as an alternative on matters relating to a deposition*, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1) (emphasis added). Although, as already has been discussed, "a motion to quash [a subpoena] . . . must be filed and decided in the court from which the subpoena issued," the same is not true of a request for a Rule 26 protective order; instead, "a protective order under Rule 26(c) can be sought/determined in the court where the underlying action is pending, as well as the court from which the subpoena issued." *Kruse, Inc. v. United States*, No. 1:99-CV-428, 2000 WL 35516935, at *2 (N.D. Ind. Sept. 29, 2000) (quoting *Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997)). In other words, "Rule 26 . . . allows either the court in which the action is pending, or the court where a deposition subpoena was issued, to issue a protective order." *Id*. Thus, while it is not within the Court's power to quash the subpoena issued from the federal court in California, it is within the Court's power to issue a protective order as to Lindauer pursuant to Rule 26, if that is a course that Defendants desire to pursue.[2]

---

2.       It should be noted that Faye Morrison, Kwame Thompson, Jeffrey Hartman, Polly Hartman, JPH, Grace Perry, and Courtney Speed are no longer parties to this matter, as the Court recently dismissed their claims with prejudice. *See Morrison*, 2010 WL 1558712, at **3-5, *12. It should be noted as well that at the time the Court dismissed the claims of those Plaintiffs, the Court also directed the remaining parties to submit briefing on the issue of whether the Court is required to abstain from the exercise of federal subject matter jurisdiction in this instance under 28 U.S.C. § 1332(d)(4)(B). *See id*. at **10-12. That statute mandates abstention from the exercise of federal subject matter jurisdiction in certain class action cases in which, as here, the asserted basis for such jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). *See id*. Obviously, if the Court is required to abstain from entertaining this suit under the mandatory abstention provisions of the CAFA, this will render moot any question of a protective order with respect to Lindauer.

To conclude, if Defendants wish to renew their assertion of attorney-client privilege with respect to a deposition of Lindauer, they may do so by way of a properly-supported motion for a protective order filed in this Court in Civil No. 08-565-GPM.  Otherwise, however, Defendants' motion to quash the subpoena duces tecum issued from the federal court in California is **DENIED**.  The Clerk of Court is directed to close Civil No. 10-305-GPM administratively so that it does not appear as an active case on the Court's docket.

**IT IS SO ORDERED.**

DATED:  April 30, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge