IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FAYE MORRISON, et al., individually and on behalf of similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> YTB INTERNATIONAL, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 08-565-GPM <br><br> Consolidated with: <br> CIVIL NO. 08-579-GPM and <br> CIVIL NO. 10-305-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the motion for leave to conduct jurisdictional discovery brought by Plaintiff John Stull (Doc. 144). This case is a putative class action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. By order entered April 19, 2010, the Court granted in part and denied in part a motion to dismiss brought by Defendants YTB International, Inc., YourTravelBiz.com, Inc., YTB Travel Network, Inc., YTB Travel Network of Illinois, Inc., J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, Meridian Land Company, Winfield Development, LLC, CCMP, Inc. ("CCMP"), Timothy Kaiser, M.D., Clay O. Winfield, and Robert Van Patten. In the April 19 order, the Court ruled that, as non-residents of Illinois, Plaintiffs Faye Morrison, Kwame Thompson, Jeffrey Hartman, Polly Hartman, JPH Development, Inc., Grace Perry, and Courtney Speed cannot maintain claims under the ICFA; accordingly, the Court dismissed the claims of those Plaintiffs (and,

necessarily, the claims of any other members of the proposed class that are not residents of Illinois) with prejudice. *See Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at **3-5, *12 (S.D. Ill. Apr. 19, 2010). The Court denied Defendants' request for dismissal of Stull's claims. *See id*. at **5-10, *12. In view of the Court's determination that this case can proceed, if at all, only as a class action by Stull on behalf of a class of other Illinois residents, the Court ordered the parties to this case to brief the issue of whether the Court is required to abstain from exercising federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(4)(B). *See id*. at **10-12. That statute mandates that a federal court abstain from entertaining in diversity jurisdiction a class action in which more than two-thirds of the members of a class or a proposed class are citizens of the state where the class action was filed and all of the primary defendants are citizens of the forum state. *See id*. Currently the parties' briefs on the issue of abstention are due May 19, 2010. At this time, discovery in this case is stayed pending resolution of the abstention issue.

## II. ANALYSIS

In the instant motion Plaintiff's counsel request leave to conduct discovery directed to the matter of abstention. Specifically, they request forty-five days in which to conduct discovery as to whether they can join Stull's ICFA claims with class-action claims under the laws of Missouri, Georgia, and Utah. Counsel also seek leave to conduct discovery as to whether CCMP, which does business under the name BerylMartin, is a primary Defendant in this case within the meaning of 28 U.S.C. § 1332(d)(4)(B). The decision to grant or deny discovery is committed to the Court's discretion. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("District courts enjoy extremely broad discretion in controlling discovery."); *Dole v. Local 1942 Int'l Bhd. of*

*Elec. Workers, AFL-CIO*, 870 F.2d 368, 371 (7th Cir. 1989) ("District courts have broad discretion in matters relating to discovery."); *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir. 1985) (quoting *United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1382 (D.C. Cir. 1984)) (noting that trial judges have "wide discretion with respect to discovery matters" and that "a trial court's 'discovery rulings are reversed only on a clear showing of abuse, and . . . it is unusual to find abuse of discretion in these matters.'"). Having considered the matter carefully, the Court concludes in its discretion that the requested discovery should not be permitted.

Turning first to the matter of the proposed discovery as to possible causes of action under Missouri, Georgia, and Utah law, the Federal Rules of Civil Procedure contemplate that a plaintiff will conduct discovery for the purpose of elucidating the nature of his or her claim for relief, not for the purpose of ascertaining whether such a claim exists. In fact, pursuing discovery in the hopes of turning up something that may lead to a lawsuit seems to the Court to be the very definition of a fishing expedition. Moreover, the Court has no intention of entertaining class actions brought under the laws of states other than Illinois. As the Court has observed in the past, "such power as federal courts possess to interpret and apply state law is, at best, a negative power or, perhaps more properly, a badge of weakness, arising as it does from the fact that such courts lack constitutional authority to create a broad body of common law." *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 321 (S.D. Ill. 2007) (citing *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995)). Correspondingly, when a federal court sitting in diversity jurisdiction applies the law of the forum state, considerations of federalism dictate that the federal court do so in a conservative manner. *See Gust K. Newberg Constr. Co. v. E.H. Crump & Co.*, 818 F.2d 1363, 1368

(7th Cir. 1987) ("Respect for state courts as the primary expositors of state law counsels restraint by federal court in announcing new state law principles[.]"); *Anderson v. Marathon Petroleum Co.*, 801 F.2d 936, 942 (7th Cir. 1986) ("[F]ederal court is not the place to press innovative theories of state law."); *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 906 (S.D. Ill. 2008) (quoting *Shaw v. Republic Drill Corp.*, 810 F.2d 149, 150 (7th Cir. 1987)) (declining to adopt a novel interpretation of Illinois law that would have expanded liability for breach of contract because federal courts should not "speculate on any trends in state law."). The Court assumes that when a federal court is applying not forum law but the law of an entirely different state, even more stringent limitations on the judicial imagination apply.

In the Court's view, the consumer-protection law of Missouri, Georgia, and Utah should be fashioned in the courts of those states, not by a federal trial court in Illinois sitting in diversity jurisdiction. Accordingly, class-action claims brought under the laws of states other than Illinois that come before the Court in connection with the events giving rise to this lawsuit will be transferred promptly to the federal judicial district where a foreign plaintiff resides pursuant to 28 U.S.C. § 1404(a). *See Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964) (the convenience and fairness of transferring a case is pervasively shaped by considerations such as judicial familiarity with governing laws and the relative ease and practicality of trying cases in alternative forums); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."). *See also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3844 (3d ed. 1998 & Supp. 2009) (discussing a district court's power

to transfer claims sua sponte under Section 1404(a)) (collecting cases). The Court finds no merit in the proposed discovery regarding possible claims under the law of Missouri, Georgia, and Utah, and leave to conduct the proposed discovery will be denied.

Turning next to the matter of discovery directed to CCMP, this request too is ill-founded. As noted, abstention under 28 U.S.C. § 1332(d)(4)(B) requires that all of the defendants in a class action that are citizens of the forum state be "primary," a term that, as was discussed in the Court's April 19 order, is not defined in the statute. *See Morrison*, 2010 WL 1558712, at *11. However, as the Court explained also in the April 19 order, the term "primary defendant[ ]" for purposes of the statute has been given a meaning through judicial construction of the statute. *See id*. "[P]rimary defendants," as the Court discussed in the April 19 order, are those parties whose liability to a class or proposed class is direct, rather than being based on having aided or abetted wrongdoing or on vicarious liability. *See id*. "[A] settled judicial understanding" has emerged, according to a sister federal trial court, that "'primary defendants' [are] those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable." *McClendon v. Challenge Fin. Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, at *13 (N.D. Ohio Mar. 9, 2009). *See also Kurth v. Arcelormittal USA, Inc.*, No. 2:09-CV-108RM, 2009 WL 3346588, at *6 (N.D. Ind. Oct. 14, 2009) (quoting *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515-16 (E.D. Pa. 2007)) (primary defendants are "those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are . . . those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification."); *Laws v. Priority Tr. Servs. of N.C., L.L.C.*, No. 3:08-CV-103, 2008 WL 3539512, at *4 (W.D.N.C. Aug. 11, 2008)

(holding that primary defendants are "those parties that are directly liable to plaintiffs and secondary defendants [are] parties joined under theories of vicarious liability or for purposes or contribution or indemnification."); *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLx), 2005 WL 3967998, at *8 (C.D. Cal. Nov. 21, 2005) (considering the distinction between primary and vicarious liability in tort law to determine whether a non-forum defendant was a primary defendant). In this instance, as the Court discussed in its April 19 order in this case, CCMP's liability is essentially vicarious, that is, it is charged with having participated in a conspiracy and of having performed lawful acts pursuant to an unlawful agreement. *See Morrison*, 2010 WL 1558712, at *7 (quoting *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994)) ("The function of a conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's act."). Moreover, a determination about whether a given defendant in a case is primary or secondary "requires only a review of the complaint to determine which defendants are sued directly." *McClendon*, 2009 WL 589245, at *13 (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793 (5th Cir. 2007)). *See also Gardner v. Rockwool Indus., Inc.*, No. 09-6082-CV-SJ-GAF, 2009 WL 2902573, at *2 (W.D. Mo. Sept. 2, 2009) (citing *Kitson v. Bank of Edwardsville*, No. 06-528-GPM, 2006 WL 3392752, at *17 (S.D. Ill. Nov. 22, 2006)) (to determine which defendants are primary and which defendants are secondary, "[t]he Court need only look at the complaint[.]"). Simply put, the question of whether CCMP is a primary defendant or a secondary one is purely a question of law as to which no discovery is required. The Court concludes that Plaintiff's counsel have failed to adduce any legitimate reason for the discovery they seek, and therefore their request for leave to conduct discovery as to the issue of abstention will be denied.

### III. CONCLUSION

Stull's motion for leave to conduct jurisdictional discovery with respect to the issue of abstention under 28 U.S.C. § 1332(d)(4)(B) (Doc. 144) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 13, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
