**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FAYE MORRISON, et al., individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-565-GPM |
| | ) | |
| YTB INTERNATIONAL, INC., et al., | ) | Consolidated with: |
| | ) | CIVIL NO. 08-579-GPM and |
| Defendants. | ) | CIVIL NO. 10-305-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This matter is before the Court on the question of whether the Court is required to abstain from hearing this case. It is unnecessary to recite at great length the nature of the claims asserted in this case and the procedural history of the case, as these matters have been discussed in detail in prior orders in this case. *See, e.g., Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 771-73 (S.D. Ill. 2009). This case is a putative class action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). By order entered April 19, 2010, the Court granted in part and denied in part a motion to dismiss brought by Defendants YTB International, Inc. ("YTB International"), YourTravelBiz.com, Inc. ("YourTravelBiz"), YTB Travel Network, Inc. ("YTBTN"),

YTB Travel Network of Illinois, Inc. ("YTBTNI"), J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, Robert Van Patten, Meridian Land Company ("Meridian"), Winfield Development, LLC ("Winfield LLC"), CCMP, Inc. ("CCMP"), Timothy Kaiser, M.D., and Clay O. Winfield.  In the April 19 order, the Court ruled that, because they are not citizens of Illinois, Plaintiffs Faye Morrison, Kwame Thompson, Jeffrey Hartman, Polly Hartman, JPH Development, Inc., Grace Perry, and Courtney Speed cannot maintain claims under the ICFA; accordingly, the Court dismissed the claims of those Plaintiffs (and, necessarily, the claims of any other members of the proposed class that are not citizens of Illinois) with prejudice.  *See Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2010 WL 1558712, at **3-5, *12 (S.D. Ill. Apr. 19, 2010).  The Court denied Defendants' request for dismissal of the claims of Plaintiff John Stull, who is a citizen of Illinois.  *See id.* at *3, **5-10, *12.  In view of the Court's determination that this case can proceed, if at all, only as a class action brought by Stull on behalf of a class of other Illinois citizen, the Court ordered the parties to this case to brief the issue of whether the Court is required to abstain from exercising federal subject matter jurisdiction under the CAFA.  *See id.* at **10-11, *12.  Defendants have submitted a brief as ordered; Plaintiff has not. The Court now rules as follows.

## II. ANALYSIS

In general, of course, the CAFA grants federal courts subject matter jurisdiction as to class actions, including putative class actions, commenced on or after February 18, 2005, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and

vice versa), and the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010); *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 330 (7th Cir. 2009); *Dintelman v. Kellogg Co.*, Civil No. 09-945-GPM, 2010 WL 520284, at *1 (S.D. Ill. Feb. 12, 2010); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *2 (S.D. Ill. Nov. 14, 2007); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 772 (S.D. Ill. 2006); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). This case is a putative class action commenced after the effective date of the CAFA in which there is minimal diversity of citizenship. As noted, Plaintiff John Stull is, according to the operative complaint in this case, an Illinois citizen. *See* Doc. 81 at 6 ¶ 13. For purposes of federal diversity jurisdiction a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business; the location of a corporation's principal place of business is the state where the corporation maintains its headquarters or nerve center. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010). YTB International, YourTravelBiz, and YTBTN are incorporated under the laws of Delaware, while CCMP is a corporation incorporated under Indiana law with its principal place of business in Indiana. *See* Doc. 81 at 6 ¶¶ 18-20, 7 ¶ 30. Thus, for diversity purposes YTB International, YourTravelBiz, and YTBTN are Delaware citizens and CCMP is an Indiana citizen, so that there is minimal diversity of citizenship in this case. Finally, the proposed class contains one hundred or more persons, and the damages sought in this case exceed $5 million, exclusive of interest and costs. *See* Doc. 81 at 18 ¶ 60, 20 ¶ 71, 21 ¶ 76, 24 ¶ 84.

Notwithstanding the fact that this case was properly filed in the Court's diversity jurisdiction under the CAFA, the effect of the Court's decision to restrict any class certified in this case to Illinois citizens triggers certain CAFA provisions mandating abstention from the exercise of federal subject matter jurisdiction under the statute.  In particular, the CAFA provides, "[a] district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  The so-called "home-state controversy" exception to the exercise of CAFA jurisdiction means that a court must decline jurisdiction if it appears by a preponderance of the evidence that more than two-thirds of the members of a class or a proposed class are citizens of the state where a class action or putative class action was filed and all of the primary defendants are citizens of the forum state.  *See In re Sprint Nextel Corp.*, 593 F.3d 669, 671, 673 (7th Cir. 2010); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *6 & n.9 (S.D. Ill. July 6, 2007).  As is clear from the language of the statute, for the home-state controversy exception to apply all of the primary defendants in a class action or putative class action must be citizens of the state where the case was filed.  *See Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 296-97 (D. Mass. 2009); *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007); *Robinson v. Cheetah Transp.*, Civil Action No. 06-0005, 2006 WL 3322580, at *3 (W.D. La. Nov. 14, 2006).  Here Defendants are the proponents of abstention from the exercise of jurisdiction under the CAFA and as such they have the burden of proving the necessity of such abstention by a preponderance of the evidence.  *See Sprint*, 593 F.3d at 673; *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006).  *Accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d

804, 813 (5th Cir. 2007); *Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1021-22 (9th Cir. 2007);

*Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006); *Evans v. Walter Indus., Inc*., 449

F.3d 1159, 1164 (11th Cir. 2006).

   In this case it is undisputed that two-thirds or more of the proposed class are citizens of

Illinois, where this case was filed, because as already has been discussed, the Court specifically has

held that this case can be maintained as a class action only on behalf of Illinois citizens.  Thus, the

Court turns next to the question of whether all of the primary Defendants in this case are citizens of

Illinois.  The CAFA does not define the term "primary defendants" as it is used in the home-state

controversy exception to the statute, but the Court has held in the past that it refers to "those parties

that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are . . . those

parties sued under theories of vicarious liability or joined for purposes of contribution or

indemnification."  *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752,

at *17 (S.D. Ill. Nov. 22, 2006) (quoting *Passa v. Derderian*, 308 F. Supp. 2d 43, 62 (D.R.I. 2004)).[1]

---

1. Some courts have suggested a different test of whether a defendant is primary or secondary for
purposes of the home-state controversy exception to the CAFA, examining factors like: "who
(1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued
directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a
significant portion of the asserted claims; or (5) is the only defendant named in one particular cause
of action." *Moua v. Jani-King of Minn., Inc*., 613 F. Supp. 2d 1103, 1108 (D. Minn. 2009) (citing
*Brook v. UnitedHealth Group Inc*., No. 06 CV 12954, 2007 WL 2827808, at *5
(S.D.N.Y. Sept. 27, 2007)).  However, the Court respectfully declines to adopt any such test, given
that the test is based on a report by the Senate Judiciary Committee issued after the enactment of the
CAFA that purports to be the legislative history of the statute.  *See id*. (citing S. Rep. No. 109-14,
at 43 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 41).  In the past, both the United States Court of
Appeals for the Seventh Circuit and this Court have derided this Senate committee report as a tool
for interpreting the CAFA.  *See Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448
(7th Cir. 2005); *Kitson*, 2006 WL 3392752, at **9-13.  Correspondingly, the Court refuses now to
rely on the report as guidance in determining the meaning of the term "primary defendants" as it is
used in the home-state controversy exception to the statute.

The primary Defendants in this case are YTB International, YourTravelBiz, YTBTN, YTBTNI, J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, and Robert Van Patten, who are charged with operating an illegal pyramid sales scheme, in violation of 815 ILCS 505/2A(2) and 815 ILCS 505/1(g), and with employing an illegal chain referral sales technique, in violation of 815 ILCS 505/2A(1).   Meridian, Winfield LLC, CCMP, Timothy Kaiser, and Clay Winfield are secondary Defendants, charged merely with conspiring with the primary Defendants to violate the ICFA by performing lawful acts in furtherance of an agreement to achieve an unlawful purpose.  *See Morrison*, 2010 WL 1558712, at *7 (quoting *Adcock v. Brakegate, Ltd*., 645 N.E.2d 888, 894 (Ill. 1994)) ("The function of a conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's act.") (internal citation omitted).  *See also People v. Brown*, 438 N.E.2d 250, 252 (Ill. App. Ct. 1982) (a conspirator is "vicariously liable for all acts done by any other parties to a conspiracy already composed, either before or after his entrance into the conspiracy, as long as such acts were in furtherance of the conspiracy"); 11 Illinois Law & Practice *Conspiracy* § 8 (1956 & Supp. 2009) ("Once a defendant knowingly agrees with another to commit an unlawful act or a lawful act in an unlawful manner, he or she may be held liable for any tortious act committed in furtherance of a conspiracy, whether such tortious act is intentional or negligent in nature.") (collecting cases).

Having determined that the primary Defendants in this case are YTB International, YourTravelBiz, YTBTN, YTBTNI, J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, and Robert Van Patten, the Court further determines that all of the primary Defendants are citizens of Illinois.  As noted, a corporation, for purposes of federal diversity

jurisdiction, is a citizen of the state where it is incorporated and the state where it has its principal place of business, meaning its headquarters or nerve center. In this case, as also has been noted, YTB International, YourTravelBiz, and YTBTN are citizens of Delaware, where they are incorporated, but they are citizens of Illinois as well, because Illinois is where YTB International, YourTravelBiz, and YTBTN maintain their principal places of business. *See* Doc. 81 at 6 ¶¶ 18-20. YTBTNI is incorporated under Illinois law and has its principal place of business in Illinois, and thus YTBTNI is a citizen of Illinois. *See id.* ¶ 21. For diversity purposes the citizenship of a natural person is the state where he or she is domiciled; domicile is determined by the state where a person is physically present with an intent to remain. *See Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) ("For natural persons, state citizenship is determined by one's domicile."); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *2 (S.D. Ill. Feb. 1, 2010) (quoting *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."); *Kitson*, 2006 WL 3392752, at *6 ("[T]he citizenship of a natural person for diversity purposes is determined by the person's domicile, which means the state where the person is physically present with an intent to remain there indefinitely.") (citations omitted). J. Lloyd Tomer, J. Scott Tomer, J. Kim Sorensen, Andrew Cauthen, and Robert Van Patten are domiciled in Illinois, and thus are Illinois citizens. *See* Doc. 81 at 6-7 ¶¶ 22-26. In sum, the Court finds that two-thirds or more of the members of the proposed class in this case are citizens of Illinois, where this case was filed, as are all of the primary Defendants in the case. Therefore, the Court must abstain from exercising jurisdiction. This case will be dismissed without prejudice to re-filing it in the correct forum, an Illinois state court.

## III. CONCLUSION

Pursuant to 28 U.S.C. § 1332(d)(4)(B), this case is **DISMISSED without prejudice**.  The

Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  May 26, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
