# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **JOHN STULL, RANDALL QUICK, LaSHONDA STIFF, FAYE MORRISON, JEFFREY HARTMAN and POLLY HARTMAN, COURTNEY SPEED, KWAME THOMPSON, JORGE GONZALEZ, NIKKY SHOTWELL, GRACE PERRY, and DAVID KLEINE and SUSAN KLEINE, Individually and on Behalf of Similarly Situated Individuals;**<br><br>Plaintiffs,<br><br>vs.<br><br>**YTB INTERNATIONAL, INC.,** A Delaware corporation; **YOURTRAVELBIZ.COM, a/k/a YTB.COM**, a Delaware Corporation; **YTB TRAVEL NETWORK, INC.,** a Delaware Corporation; **YTB TRAVEL NETWORK OF ILLINOIS, INC.,** an Illinois Corporation; **J. LLOYD TOMER,** an individual; **J. SCOTT TOMER,** an individual; **ANDREW CAUTHEN**, an individual; **CLAY O. WINFIELD**, an individual; and, **ROBERT VAN PATTEN**, an individual;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 3:08-cv-565-NJR-PMF<br>Cause No. 3:10-cv-600-NJR-DGW |

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE involves separate Claims that were originally filed as follows:

The Plaintiffs have filed the above-referenced class action lawsuit, and other lawsuits including lawsuits in the Southern District Court of Illinois captioned as 3:08-CV-00565-GPM-PMF, 3:08-CV-00579-GPM-DGW, 3:10-CV-00305-GPM-PMF, 3:10-CV-00600-GPM-DGW; an appeal in the United States Court of Appeals for the Seventh Circuit captioned 10-02529; and a lawsuit in Madison County Circuit Court captioned 10-L-608. The Plaintiffs in these aforementioned lawsuits, individually and on behalf of all Customers, will hereinafter be referred to collectively as "Plaintiffs." The Defendants

in the above-mentioned lawsuits will hereinafter be referred to collectively as "Defendants."  As used in this Agreement, "Buyer" refers to YTB Global Travel, Inc., the purchaser of the operating assets of Defendants YTB International, Inc., Yourtravelbiz.com a/k/a Ytb.com, YTB Travel Network, Inc., and YTB Travel Network of Illinois, Inc.  As used in this Agreement, the term "Parties" refers to Plaintiffs, Defendants, and Buyer.  The aforementioned lawsuits will hereinafter be referred to as the "Lawsuit."

WHEREAS, this SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is entered into between and among Plaintiffs, individually and on behalf of all Customers, as defined below, Defendants, and Buyer;

WHEREAS, Plaintiffs are Independent Marketing Representatives (IMRs) and Referring Travel Agents (RTAs) who each paid to the Defendants approximately $450.00 up-front and $50.00 per month thereafter to own and operate Online Travel Agencies;

WHEREAS, in the above-styled Lawsuit, Plaintiffs allege that Defendants have violated the Illinois Consumer Fraud and Deceptive Trade Practices Act, which prohibits both "pyramid sales schemes" and "chain referral sales techniques." 815 ILCS § 505/2A(2);

WHEREAS, Defendants deny each of the allegations in the Lawsuit and assert that they have at all times complied with all laws and have not, in fact, violated the Illinois statutes or any other laws;

WHEREAS, Plaintiffs and their putative class members are entering this settlement with the understanding that Defendants are incapable of withstanding a greater judgment;

WHEREAS, certain Defendants were subject to bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Illinois (the "Bankruptcy Court"), No. 3:13-BK-30325, and those proceedings were recently dismissed;

WHEREAS, as approved by the Bankruptcy Court, Buyer purchased the operating assets of Defendant YTB International, Inc., Yourtravelbiz.com a/k/a Ytb.com, YTB Travel Network, Inc., and YTB Travel Network of Illinois, Inc. free and clear of liens, claims and encumbrances;

WHEREAS, Buyer has voluntarily agreed to provide certain services to Plaintiffs and the putative class in exchange for the payment identified herein;

WHEREAS, the Parties agree that Customers will make up the settlement class;

WHEREAS, it is understood and agreed by the parties that this settlement is a compromise of disputed claims, and the payments are not to be construed as an admission of liability on the part of the Defendants, by whom liability is expressly denied;

2

WHEREAS, Plaintiffs and Defendants desire to avoid the further expense and risk of litigation and to settle and voluntarily compromise any and all Claims or causes of action between them that have arisen or that may arise in the future which in any way relate to Plaintiffs' Claims or the facts alleged in the Lawsuit, both individually and on behalf of the Customers;

WHEREAS, Plaintiffs and Defendants stipulate and agree that the proposed class of Customers is properly certifiable, solely for the purposes of settlement, under Fed. R. Civ. P. 23, in that the elements of Rule 23(a) are satisfied, and common issues of law and fact predominate over individual questions with regard to the issues related to approval of this Settlement Agreement;

WHEREAS, all Customers who do not opt-out of this settlement have a right to a Settlement Payout that is obtained by submitting an online Claims Form; and

WHEREAS, with an estimated $549.00 value of the Settlement Payout and approximately 289,696 Customers, the total estimated value of this settlement is $159,043,104.00.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and conditions herein contained, and with the intention of being legally bound thereby, the Parties hereto do covenant and agree as follows:

## I.     DEFINITIONS

For purposes of this Settlement Agreement, the following terms are defined as follows:

A.     "**Buyer**" refers to YTB Global Travel, Inc., the purchaser of the operating assets of Defendants YTB International, Inc., Yourtravelbiz.com a/k/a Ytb.com, YTB Travel Network, Inc., and YTB Travel Network of Illinois, Inc.

B.     "**Claim Form**" shall mean the form attached hereto as Exhibit A by which Customers can submit a Claim. Submission of a valid and complete Claim Form to the Claims Administrator shall be the manner by which a customer submits a Claim and obtains Settlement Payout.

C.     "**Claim Number**" refers to the unique number the Claimant will receive upon the Class Notice, which can be used for submission of Claims under the Settlement Agreement.

D.     "**Claimant**" or "**Participating Claimant**" refers to a Customer who has submitted a verified Claim Form to the Claims Administrator.

E.     "**Claims**" shall mean all known and unknown Claims or causes of action that have arisen, or that may arise in the future, which in any way relate to Plaintiffs' Fourth Amended and Consolidated Complaint or the facts or allegations in the Lawsuit, both individually and on behalf of the Customers.

3

F.     "**Claims Administration**" shall mean the notification of Customers, processing and fulfillment of Claims received from Claimants, distribution of the Settlement Payout, reporting to the Parties, and any other task consistent with the rights and obligations of the Parties.

G.     "**Claims Administration Website**" refers to a website that will provide instructions to Customers as to how to submit a Claims Form or Opt-Out of the Settlement. The Claims Administration Website will also allow Customers who submit Claim Forms to verify their assigned Claim Number and obtain information about how to participate in the Settlement, including details about access to the Online Travel Agency for the Free Access Period.

H.     "**Claims Administrator**" refers to a qualified and competent business chosen by Class Counsel, and reasonably acceptable to the Defendants, that conducts the Claims Administration. The Claims Administrator shall have the qualifications and prior experience necessary to efficiently perform the duties of Claims Administration.

I.     "**Claims Period**" shall mean the time period during which Customers may submit Claims, a period that will run for forty-five (45) days from the date that initial Class Notice has been given to the Customers by the Claims Administrator.

J.     "**Class Counsel**" shall mean Massimino Law, LLC, Montroy Law Offices and the firm Witzel, Kanzler, Dimmitt & Kanzler LLC.

K.     "**Class Notice**" shall be the form labeled as Exhibit B.  The Class Notice shall mean the Court-approved form of notice made available to the Customers regarding (i) certification of the class, (ii) the general terms of Settlement, (iii) the Preliminary Approval Order, (iv) scheduling of the Final Approval Hearing, (v) the means of obtaining Settlement Payout by submitting a valid Claim Form, and (vi) the opportunity to Opt-Out of the Settlement by submitting an Opt-Out Notice.

L.     "**Costs of Claims Administration**" shall mean all actual costs associated with or arising from Claims Administration. This definition shall include without limitation, (1) all costs to perform Claims Administration; (2) fees paid to the Claims Administrator; (3) the creation and maintenance of the Claims Administration Website; and (4) any and all other costs necessary to administer the Settlement Agreement, including the $75,000 in Costs of Claims Administration paid to Buyer.

M.     "**Court**" shall mean the United States District Court for the Southern District of Illinois, in which the Lawsuit is pending, and to which presentation of this Settlement Agreement for judicial review and approval will be made.

N.     "**Customer**" refers to all IMRs and RTAs who paid Non-Reimbursed Fees to YTB International, Inc. and/or any of its subsidiaries on or before January 19, 2009, for the purchase of an Online Travel Agency, and (i) who kept their Online Travel Agency for less than eighteen (18) months, and (ii) have not already been provided a refund. Customers shall exclude (1) any IMRs/RTAs who received commissions in excess of the fees which they paid to Defendants; (2) Defendants, their employees, and

4

all persons who have or had a controlling interest in the Defendant corporations; (3) Defendants' legal representatives, predecessors, successors and assigns; (4) the judge who is assigned to this case and his immediate family; (5) all persons who properly execute and file a timely request for exclusion from the class; and, (6) Plaintiffs' counsel and their employees.  Customers shall make up the settlement class.  According to Defendants' records, there are believed to be 289,696 Customers.

O.    "**Defendants**" as defined above shall mean all Defendants in the above-mentioned Lawsuit.

P.    "**Final Approval Hearing**" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order.

Q.    "**Final Approval Order**" shall mean an order from the Court approving (1) this Settlement Agreement; (2) the Settlement Payout; (3) dismissal of the Plaintiffs' individual and Customer Claims with prejudice; and (4) such other final rulings as are contemplated by this Settlement Agreement.

R.    "**Free Access Period**" shall refer to the ability of a Participating Claimant to receive, at no cost to the Participating Claimant, an Online Travel Agency for six (6) months in exchange for the Non-Reimbursed Fees.  A Participating Claimant may earn commissions on travel arranged through the Online Travel Agency. For a period of not less than sixty (60) days following the date on which the Settlement is deemed final pursuant to paragraph IV.B, Buyer shall permit Claimants to  start their individual Free Access Period.

S.    "**Incentive Award**" shall mean a five thousand dollar ($5,000.00) total payment to each of the named Plaintiffs for a total of fifty-five thousand dollars ($55,000.00), subject to approval of the Court, which shall be paid to the individually named Plaintiffs in the Lawsuit against Defendants, for their service on behalf of the other Customers.  The following eleven individuals and couples shall receive a single payment of $5,000.00: (1) John Stull; (2) Randall Quick; (3) LaShonda Stiff; (4) Jeff and Polly Hartman; (5) Courtney Speed; (6) Kwame Thompson; (7) Jorge Gonzalez; (8) Nikky Shotwell; (9) Grace Perry; (10) David and Susan Kleine; and (11) Faye Morrison.

T.    "**Lawsuit**" refers to the class action lawsuit enumerated and defined at the beginning of this Settlement Agreement.

U.    "**Non-Reimbursed Fees**" refers to the initial up-front fee and any additional monthly fees paid by a Customer to any Defendants to own and/or operate an Online Travel Agency.

V.    "**Objection Date**" shall mean the date by which Customers must object to the Settlement Agreement's terms or provisions and to submit any required statements, proof, or other materials and/or argument in support thereof which date shall be thirty (30) days from the emailing of the Class Notice of this Settlement by the Claims Administrator.

W.      "**Online Travel Agency**" refers to the same type of website-based travel booking engine offered by the YTB International, Inc. Defendant to IMRs and RTAs.

X.      "**Opt-Out Deadline**" shall mean the date by which any Customer who wishes to be excluded from the Settlement must mail his/her Opt-Out Notice with the postmark date used for determining timeliness with this deadline which date shall be forty-five (45) days from the emailing of the Class Notice by the Claims Administrator.

Y.      "**Opt-Out List**" shall mean a written list prepared by the Claims Administrator of all Customers who submit timely, valid, and accurate Opt-Out Notices.

Z.      "**Opt-Out Notice**" or "**Opt-Out**" shall mean the form attached hereto as Exhibit C by which Customers can request exclusion from the Settlement. Submission of a timely, valid and complete Opt-Out Notice which is received by Claims Administrator shall be the manner by which a customer is excluded from the Settlement.

AA.      "**Parties**" shall mean the Plaintiffs, all Customers who do not Opt-Out, and Defendants and Buyer.

BB.      "**Person**" shall mean an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

CC.      "**Plaintiffs**" as defined above refers to Faye Morrison, John Stull, Kwame Thompson, Randall Quick, LaShonda Stiff, Jeffrey and Polly Hartman, Courtney Speed, Jorge Gonzalez, Nikky Shotwell, Grace Perry, and David and Susan Kleine.

DD.      "**Preliminary Approval Order**" shall mean the order of the Court preliminarily approving this Settlement Agreement.

EE.      "**Rejected Claims**" shall mean any Claim that is deficient and/or is otherwise deemed or found to be not eligible by the Claims Administrator.

FF.      "**Settlement**" shall mean the agreement by the Parties, and all Customers who do not Opt-Out, the terms of which have been memorialized and provided for in this Settlement Agreement.

GG.      "**Settlement Agreement**" shall mean this Settlement Agreement and the exhibits attached hereto.

HH.      "**Settlement Payout**" refers to the payout payable by Defendants to Customers who submit a timely, valid, and accurate Claim Form to the Claims Administrator further defined in Section IV.A of this Settlement Agreement.

II.      "**Settling Parties**" shall mean Plaintiffs, Class Counsel, Buyer, and Customers who do not Opt-Out of the Settlement and Defendants.

JJ.    "**Unlawful Pyramid Scheme Act**" means the Illinois Consumer Fraud and Deceptive Trade Practices Act, which prohibits both "pyramid sales schemes" and "chain referral sales techniques."  815 ILCS § 505/2A(2).

## II.    REQUIRED EVENTS

After execution of this Settlement Agreement by all Parties:

1.    Class Counsel and Defendants' Counsel shall take all necessary steps to obtain class certification and entry of the Preliminary Approval Order and the Final Approval Order.

2.    The Parties shall jointly move for entry of a Preliminary Approval Order in substantially the same form as Exhibit D, which by its terms shall, inter alia:

    a.    Preliminarily approve the terms of the Settlement Agreement for purposes of issuing the Class Notice;

    b.    Appoint Massimino Law, LLC, Montroy Law Offices, and the firm Witzel, Kanzler, Dimmitt & Kanzler, LLC as class counsel;

    c.    Certify the Customers as the class, including making any findings necessary to support the certification of the Customers as a class;

    d.    Approve the form of the Class Notice, as laid out in Exhibit B;

    e.    Schedule a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and the applications for an award of Class Counsel fees and expenses, the incentive award for the Plaintiffs, and to consider whether the Court should issue a Final Approval Order.

3.    Class Counsel and Defendants shall agree upon, and Class Counsel shall engage, the Claims Administrator.

4.    The Parties shall use their best efforts, consistent with the terms of this Settlement Agreement, to obtain a Final Approval Order, and to implement the terms and conditions hereof.

5.    In the event that the Court fails to issue the Preliminary Approval Order or fails to issue the Final Approval Order, the Parties agree to use their best efforts (not including the expenditure of any material incremental amounts), consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

6.    The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly

perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

## III.   REPRESENTATIONS REGARDING PERSONAL NET WORTH

Plaintiffs' willingness to agree to the terms of this Settlement Agreement is influenced by Defendants' representations as to net worth, and the fact that Defendants are incapable of withstanding a greater judgment. The Defendants certify that the representations the Defendants made are true and accurate, and the individual Defendants will produce sworn declarations to Plaintiffs' counsel attesting to their approximate net worth and incapability of withstanding a larger judgment. The Parties agree that these representations were material representations, and Plaintiffs would not have agreed to this Settlement Agreement without these representations.  Plaintiffs and Plaintiffs' Counsel agree that Defendants' financial declarations shall be kept confidential, and that they shall not disclose these declarations or the information therein to anyone other than: (1) putative Class Members for the purpose of settling this case; (2) the Court presiding over this case, but only if required to disclose such information for the purpose of class certification and settlement approval; and, (3) in response to other judicial process (e.g., subpoena).

## IV.   CONSIDERATION

A.    In consideration of the obligations of Plaintiffs and Buyer identified herein, Defendants shall pay the total amount of $406,502.20 (the "Total Settlement Amount"). Defendants shall pay the Total Settlement Amount as follows:

(1)    $25,000.00 payable to Dahl Administration, LLC within thirty (30) days after the execution of this Agreement;

(2)    $381,502.20 payable to Witzel, Kanzler, Dimmitt & Kanzler, LLC Client Trust Account within thirty (30) days after the Settlement is deemed final as set forth in Section IV.C, said sums to be disbursed by Class Counsel as follows:

i.    $50,000.00 payable to Buyer as soon as practicable upon receipt of the funds;

ii.    $25,000.00 payable to Dahl Administration, LLC as soon as practicable upon receipt of the funds; and

iii.    $25,000.00 payable to Buyer within thirty (30) days of the expiration of the Free Access Period as set forth in Sections I.R and IV.B.

The remaining $281,502.20 represents Class Counsel's attorneys' fees ($225,000.00), the Incentive Award payable to Plaintiffs ($55,000.00), and $1,502.20 for Class Counsel's costs.

B.   **Settlement Payout.** The Settlement Payout shall consist of:

(1)   Upon satisfaction of the conditions set forth herein, Buyer shall provide to the Participating Claimants an Online Travel Agency for a Free Access Period. Buyer represents that the value of an Online Travel Agency for a Free Access Period is at least five hundred and forty nine dollars ($549.00).  This amount is based on the current price of $249.00 for new members to join and the current monthly membership fee of $50.00 for six (6) months, or $249.00 + $50*6 = $549.00. At no time will Claimants be entitled to the cash value of the services offered herein.

Buyer represents that the On-Line Travel Agency currently includes the following benefits and features:

i.     Ongoing training and support with First Class Training.
ii.    The right to book groups and have access to vendor direct bookings (after that Participating Claimant passes First Class Training),
iii.   A turn-key business system.
iv.    Personalized travel booking engine.
v.     Payments amounting to 60% of the commission received by YTB Global Travel, Inc. for travel booked through that Participating Claimant's Online Travel Agency.
vi.    RTA Back Office with commission tracking, commission checks, vendor training tools, and other related items.
vii.   Periodic Travel Compass emails with Travel Industry news and information
viii.  Access to vendor training calls when available.
ix.    Access to an e-commerce shopping site with hundreds of affiliate stores.

Buyer shall use its best efforts to make the above benefits and features available during the Free Access Period and ensure that the Claimants receive the benefits and features that a paying RTA member receives.  Buyer reserves the right to change the mix of benefits and features that will be available during the Free Access Period based on business conditions and what benefits and features that it provides to its paying RTA members; provided, however, that the benefits and features available during the Free Access Period must be of a similar nature and value to those described herein.  Within ten (10) days of the execution of this Agreement, Buyer agrees to provide Class Counsel with a list of all individuals who, according to the records that Buyer acquired from YTB,

9

satisfy the definition of Customer, as defined herein (the "Customer List").   The Customer List shall contain the following information: name, last known addresses (both physical and e-mail), phone numbers and any other contact information in the possession of Buyer.  The Customer List must be in electronic format that is searchable. The Parties stipulate that the Customer List contains proprietary and confidential information subject to a protective order.

Buyer stipulates that it shall accept from Plaintiffs and Defendants the amount of $75,000.00 as payment in full for all services it renders pursuant to this Agreement.

(2)     For their services on behalf of the Customers, the eleven named individual Plaintiffs shall each receive five thousand dollars ($5,000.00) from Defendants.

(3)     Class Counsel will apply to the Court for payment of attorneys' fees in the amount of $225,000.00.   Defendants will not object to attorney's fees in the requested amount.

(4)     Costs of Claims Administration shall be paid by Defendants up to and not exceeding one hundred twenty-five thousand dollars ($125,000.00) as part of the Settlement Payout. The parties agree that any amount not spent on Costs of Claims Administration shall be allocated among Class Counsel.

Any Costs of Claims Administration in excess of this one hundred twenty-five thousand dollars ($125,000.00) will be the sole responsibility of Class Counsel.

C.     **Finality of the Settlement.** The Settlement shall become final upon entry by the Court of the Final Approval Order, and the expiration of the time in which to appeal from said Final Approval Order (which shall be deemed to be thirty-five (35) days from the date the Final Approval Order is entered by the Court unless the date to take an appeal shall have been extended by Court order), without any review or appeal having been taken, or if such review or appeal is taken, after such appeal shall have been withdrawn or finally determined by the highest court before which review is sought, but only in the event that any period of the time in which to seek any further appellate review or appeal has expired, and all such further proceedings shall have been resolved in such a manner as to permit the consummation of Settlement provided for by this Settlement Agreement in accordance with all of its terms and conditions described herein have been satisfied.

V.     **CLAIMS ADMINISTRATION**

A.     **Replacement of Claims Administrator.** Subject to Court approval and the powers of the Court pursuant to Section X.D, the Plaintiffs or Defendants, only for good cause shown or with the mutual consent of the parties, may replace the Claims Administrator with thirty (30) days' notice to the Claims Administrator and to the Party

not wishing to change the Claims Administrator, if the Claims Administrator is not performing to the reasonable satisfaction of a Party.

B.      **Claims Submission and Verification**.   A Customer who, during the Claims Period, submits a valid Claim Form via the Claim Administration Website which reflects the amount of the fee paid to YTB during the Class Period, the approximate date the fee was paid to the Defendants and the name of the Customer shall be deemed to have submitted adequate proof of a Claim. The Claims Administrator shall determine the completeness and accuracy of the Claim Forms and Opt-Out Notices.

C.      **Rejected Claims**.   After the expiration of the Claims Period, the Claims Administrator shall submit a report to Class Counsel and Defendants regarding the basis for rejection of any Claims (the "Rejected Claims").  Any disputes over Rejected Claims shall be resolved in accordance with the dispute resolution provisions within this Settlement Agreement.

D.      **Claims Against Counsel.** No person shall have any Claim against Defendants' counsel or Class Counsel based on distributions of benefits made substantially in accordance with the Settlement Agreement or further order(s) of the Court.

## VI.      NOTIFICATION TO CUSTOMERS

The Claims Administrator shall implement, subject to the Court approving the same, the following notice program.

A.      **Class Notice**.   The Class Notice shall be in the form of an email by the Claims Administrator to the Customers, in the form attached hereto as Exhibit B, or as otherwise approved by the Court.   Class Notice shall be emailed by the Claims Administrator to the last known email addresses of Customers maintained by Defendants. The emailing shall occur within thirty (30) days of the date of the Preliminary Approval Order of this Settlement by the Court, or within such other time as the Court may order.

B.      **Website**.   The Claims Administrator shall create and maintain a Claims Administration Website providing a summary of the Settlement Agreement's terms, as well as allowing Customers to submit Claims to participate in the Settlement. The Claims Administration Website will also provide instructions to Customers as to how to Opt-Out of or object to the Settlement.  The Claims Administration Website must be approved by Class Counsel and Buyer.

C.      **Emailing Address**.   The Claims Administrator will secure and maintain an email address for the reception of Claim Forms, Opt-Out Notices, or other correspondence related to the Settlement.

D.      **Reporting By Claims Administrator**.   No later than ten (10) business days prior to the Final Approval Order Hearing, the Claims Administrator shall provide an affidavit to the Court, with a copy to counsel for the Parties, attesting that Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement.

Further, upon ten (10) days' notice the Claims Administrator will provide to Class Counsel and Defendants reasonable verification that it is implementing and complying with the terms of this Settlement, the number of Customers who have submitted a Claims Form or Opted-Out of the Settlement, and any other reasonable information requested by the Parties or their counsel.

## VII.   REQUESTS FOR EXCLUSIONS BY CUSTOMERS

A.   The provisions of this section shall apply to any Opt-Out Notice.  Any Customer may submit an Opt-Out Notice by mailing or delivering such Opt-Out Notice to the Claims Administrator in the manner required by the Claims Administrator.  To be effective, any Opt-Out Notice must be received by the Claims Administrator no later than the Opt-Out Deadline.

B.   Any Customer who timely submits an Opt-Out Notice may not file a Claim Form or an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.   The Plaintiffs shall not file Opt-Out Notices.

D.   The Claims Administrator shall report the names appearing on the Opt-Out list and in the Opt-Out Notices to the Court no less than ten (10) business days prior to the Final Approval Hearing.

## VIII.   OBJECTIONS BY CUSTOMERS

A.   Each Customer wishing to object to the Settlement shall submit a timely written notice of his objection. Such notice shall state: (i) the objector's full name, address, telephone number and e-mail address; (ii) information identifying the objector as a Customer, such as (a) proof (e.g., an invoice showing the payment of the fee) or (b) an affidavit setting forth, in as much detail as the objector can reasonably provide, (1) the fact of paying the fee and to whom it was paid, and (2) documentation supporting the objector's allegation of damage if the objector is making such an allegation; (iii) a written statement of all grounds for the objection accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (vi) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (vii) a statement confirming whether the objector intends to testify at the Final Approval Hearing; and (viii) the objector's signature and the signature of the objector's duly authorized attorney (along with documentation setting forth such authorization).  To be timely, written notice of an objection in appropriate form must be filed with the Court, no later than thirty (30) days after the emailing of the Class Notice, and served therewith upon counsel for the Parties.

B.   The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Customer's objections to the Settlement Agreement. The Preliminary Approval Order and Class Notice shall require

all Customers who have any objections to file such objection with the Clerk of the Court, and to serve by mail or hand delivery such objection upon counsel for the Parties at the addresses set forth in the Class Notice, no later than the Objection Date.  The Preliminary Approval Order shall further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

### IX.     RELEASE, DISMISSAL OF LITIGATION, AND JURISDICTION OF COURT

A.     Provided Defendants have fulfilled all obligations of this Settlement Agreement, Defendants, their affiliated companies, corporations, partnerships, limited liability companies and limited partnerships and their successors, assigns, officers, agents, attorneys, representatives, employees and insurers are released from any and all Claims or causes of action that were, could have been, or should have been asserted against Defendants in this Lawsuit, under any federal or state law by any Customer who has not timely and properly Opted-Out of the Settlement Agreement for any facts, conduct, omissions, transactions, occurrences or matters that were or could have been alleged in the Lawsuit, whether by statute, common law or in equity or for negligence, negligence per se, or money had and received.

Provided Defendants have fulfilled all obligations of this Settlement Agreement, Plaintiffs and all Customers are waiving any and all Claims for relief for any causes of action, under state and federal law, including but not limited to, the Illinois Consumer Fraud and Deceptive Trade Practices Act, which prohibits both "pyramid sales schemes" and "chain referral sales techniques." 815 ILCS § 505/2A(2).

B.     The Claims or causes of action that were or could have been asserted and could form the basis for an issue on appeal by any Party are hereby released.

C.     The release contained herein does not affect the rights of Customers who timely and properly Opt-Out of the Settlement Agreement by filing a true and accurate Opt-Out Notice with the Claims Administrator.

D.     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release contained herein.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Customers from prosecuting Claims that are released pursuant to the Settlement Agreement.

E.     Upon issuance of the Final Approval Order:  (i) the Settlement Agreement shall be the exclusive remedy for any and all Claims; (ii) Defendants, its affiliated companies and their successors, assigns, officers, agents, attorneys, representatives,

employees and insurers shall not be subject to liability or expense of any kind to any Customer except as set forth herein; and (iii) Customers who do not file an Opt-Out Notice shall be permanently barred from initiating, asserting, or prosecuting any and all released Claims against Defendants, its affiliated companies and their successors, assigns, officers, agents, attorneys, representatives, employees and insurers in any federal or state court in the United States

F.     Upon issuance of the Final Approval Order, the Plaintiffs shall file the attached agreed order of dismissal with prejudice for all Claims.  Exhibit E.  This Order shall incorporate by reference the terms of this settlement agreement, and include an explicit reservation of jurisdiction for the Court to enforce the settlement and distribute settlement monies including attorneys' fees.

## X.     REPRESENTATIONS, WARRANTIES, AND COVENANTS

A.     Class Counsel represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby.  This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

B.     Defendants individually and/or through their undersigned representatives, represent and warrant that they have the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  The execution, delivery and performance by Defendants of this Settlement Agreement and the consummation by them of the actions contemplated hereby have been duly authorized by all necessary corporate actions on the part of Defendants and constitute their legal, valid, and binding obligations.

C.     The rights and obligations of Defendants in this agreement, including the releases and the obligations to make the Settlement Payout, will be binding on, and will be of benefit to each of the Parties' successors, heirs and estates.

## XI.     GENERAL PROVISIONS

### A.     **No Admission of Liability**.

The Parties agree that this Settlement is made to resolve a disputed Claim and that by entering into this Settlement, Defendants are not making any admission that any of the allegations raised in the Lawsuit are true.  This Settlement Agreement, and the exhibits and related documents hereto, are not, and shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendants with respect to any wrongdoing, fault, unlawful act or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein.

The Parties agree that this Settlement is intended to encompass all Claims or disputes, known and unknown, arising from the facts and allegations in the Lawsuit that

Plaintiffs and the Customers could assert under state or federal law, and that upon entry of the Final Approval Order, Plaintiffs and those Participating Claimants and Customers who do not Opt-Out of the Settlement shall be forever barred from raising any other Claims against the Defendants.

B. **Voiding Of Settlement Agreement If Settlement Not Approved**. This Settlement Agreement is entered into only for purposes of settlement.  In the event that the Final Approval Order is not entered, or if an appeal is taken therefrom and results in anything other than a complete affirmance of the Final Approval Order, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Lawsuit and the Parties shall be restored to their prior rights positions as if the Settlement Agreement had not been entered into, and Defendants shall not have any obligation under this Settlement Agreement.

C. **Mediation.**  The Parties agree that any disputes regarding the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, may, at the request of Class Counsel or Defendants, be submitted to a mediator, who shall attempt to mediate such dispute. If a dispute arises, the Parties agree to participate in at least four hours of mediation in accordance with the mediation procedures of United States Arbitration & Mediation. The Defendants and Class Counsel agree to evenly divide the costs of the mediation. The mediation shall be administered by a local USA&M office in St. Louis, Missouri. Any disputes not resolved by mediation will be resolved by the Court.

D. **Headings and Subdivisions**.  The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

E. **Amendment of Agreement**.  This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties.

F. **Execution in Counterparts**.   This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

G. **Applicable Law**.  This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Illinois, without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.

H.     **Apportionment of Costs**.   Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her, or its own costs related to the Lawsuit.

I.      **Extensions of Time**.  The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

J.      **Required Notice**.  All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiffs and Defendants.

K.     **Arms-Length Negotiation**.  The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

L.      **Integrated Agreement**.  All of the exhibits of this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference. This Settlement Agreement and the exhibits hereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the Settlement of the above styled lawsuit.

M.     **Rejected Claims**.  Any Rejected Claim may be accepted by Defendants prior to instituting dispute resolution.

N.     **Notice to Parties**.  All notices to the Parties or their counsel required by this Settlement Agreement shall be made in writing and communicated by fax, electronic mail, or United States Mail, first-class postage prepaid, to the following addresses:

If to Plaintiffs or Class Counsel:

Christian Montroy
Montroy Law Offices
412 Missouri Ave
East St. Louis, IL 62201
cmontroy@montroylaw.com

Brian Massimino
Massimino Law, LLC
120 South State, Suite 400

Chicago, IL 60603
brian@massiminolaw.com

And

Jay Kanzler
Witzel Kanzler Dimmitt & Kanzler LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
jaykanzler@wkllc.com

If to Defendants or Defendants' Counsel:

Brian Kaveney
Armstrong Teasdale LLP
7700 Forsyth Blvd. Suite 1800
St. Louis, MO 63105
bkaveney@armstrongteasdale.com

If to Buyer:

Stephen Bobo
Reed Smith, LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
sbobo@reedsmith.com

17

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

FAYE MORRISON – Class Plaintiff

**STATE OF MISSOURI**  )
         ) ss
**COUNTY OF ST. LOUIS**  )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

JOHN STULL – Class Plaintiff

**STATE OF ILLINOIS** )
                           ) ss
**COUNTY OF** )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**


_____
KWAME THOMPSON – Class Plaintiff


**STATE OF GEORGIA**      )
                                      ) **ss**
**COUNTY OF**                      )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____
Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.


_____
Randall Quick



Witnessed by:


_____                    _____
Print Name                                                                        Signature

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

LASHONDA STIFF – Class Plaintiff

**STATE OF ILLINOIS**          )

                                                             ) **ss**

**COUNTY OF**                         )

Now on this _____ day of _____, 2014, before me appeared _____who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiffs**

_____
JEFF HARTMAN – Class Plaintiff

_____
POLLY HARTMAN – Class Plaintiff

**STATE OF MISSOURI**      )
                          ) **ss**
**COUNTY OF**              )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____
Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

COURTNEY SPEED – Class Plaintiff

**STATE OF ILLINOIS**                    )
                                         ) **ss**
**COUNTY OF**                            )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

JORGE GONZALEZ– Class Plaintiff

**STATE OF GEORGIA**            )
                                ) **ss**
**COUNTY OF**                   )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

NIKKY SHOTWELL – Class Plaintiff

**STATE OF GEORGIA**               )
                                   ) **ss**
**COUNTY OF**                      )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

26

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiff**

_____

GRACE PERRY – Class Plaintiff

**STATE OF UTAH**                )
                                  ) **ss**
**COUNTY OF**                     )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Plaintiffs**

_____

DAVID KLEINE – Class Plaintiff
SUSAN KLEINE – Class Plaintiff

**STATE OF** _____                )
                                                            ) **ss**
**COUNTY OF**                                )

Now on this _____ day of _____, 2014, before me appeared _____ who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same as his free and voluntary act and deed with full knowledge of its contents.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

28

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Buyer**

_____

Authorized Representative of
YTB Global Travel, Inc.,


_____

Print Name/Title


**STATE OF ILLINOIS**                         )
                                              ) **ss**
**COUNTY OF**                                 )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of YTB Global Travel, Inc., as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

Authorized Representative of
YTB INTERNATIONAL, INC.

_____

Print Name/Title

**STATE OF ILLINOIS**               )
                                     ) ss
**COUNTY OF**                        )

Now on this \_\_\_\_\_ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

Authorized Representative of
YOURTRAVELBIZ.COM

_____

Print Name/Title

**STATE OF ILLINOIS**                               )
                                                            ) **ss**
**COUNTY OF**                                          )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

Authorized Representative of
YTB TRAVEL NETWORK, INC.

_____

Print Name/Title

**STATE OF ILLINOIS**                    )
                                                    ) **ss**
**COUNTY OF**                               )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

32

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____
Authorized Representative of
YTB TRAVEL NETWORK OF
ILLINOIS, INC.

_____
Print Name/Title

**STATE OF ILLINOIS** )
                     ) **ss**
**COUNTY OF** )

Now on this \_\_\_\_\_ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____
Notary Public

My Commission Expires: _____

33

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

J. LLOYD TOMER

**STATE OF ILLINOIS**                          )
                                                              ) **ss**
**COUNTY OF**                                     )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**


_____

J. SCOTT TOMER


**STATE OF ILLINOIS**                          )
                                                           ) **ss**
**COUNTY OF**                                    )

Now on this \_\_\_\_\_ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.


_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

ANDREW CAUTHEN

**STATE OF ILLINOIS**                    )
                                         ) **ss**
**COUNTY OF**                            )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

CLAY O. WINFIELD

**STATE OF ILLINOIS**                    )
                                         ) **ss**
**COUNTY OF**                            )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1

IN WITNESS WHEREOF, Plaintiffs and Defendants and their respective counsel have executed this Settlement Agreement as of the date(s) indicated below.

Executed this _____ day of _____, 2014.

**Defendant**

_____

ROBERT VAN PATTEN

**STATE OF ILLINOIS**                    )
                                         ) **ss**
**COUNTY OF**                            )

Now on this _____ day of _____, 2014, before me appeared _____ _____, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of the YTB Defendants, as defined in the accompanying agreement, as his free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____

Notary Public

My Commission Expires: _____

1721251v.1