IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STULL, RANDALL QUICK, LaSHONDA STIFF, FAYE MORRISON, JEFFREY HARTMAN and POLLY HARTMAN, COURTNEY SPEED, KWAME THOMPSON, JORGE GONZALEZ, NIKKY SHOTWELL, GRACE PERRY, and DAVID KLEINE and SUSAN KLEINE, Individually and on Behalf of Similarly Situated Individuals,<br><br>          Plaintiffs,<br><br>vs.<br><br>YTB INTERNATIONAL, INC., a Delaware corporation; YOURTRAVELBIZ.COM, a/k/a YTB.COM, a Delaware Corporation; YTB TRAVEL NETWORK, INC., a Delaware Corporation; YTB TRAVEL NETWORK OF ILLINOIS, INC., an Illinois Corporation; J. LLOYD TOMER, an individual; J. SCOTT TOMER, an individual; ANDREW CAUTHEN, an individual; CLAY O. WINFIELD, an individual; and ROBERT VAN PATTEN, an individual,<br><br>          Defendants. | Case No. 08-CV-0565-NJR-PMF<br>Case No. 10-CV-0600-NJR-DGW |

## FINAL APPROVAL ORDER AND JUDGMENT

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Final Approval of Class Settlement and Award of Plaintiffs' Incentives, Costs and Attorneys' Fees (Doc. 260). For the reasons stated below, the Court grants the motion.

Page 1 of 8

On May 19, 2015, the Court granted the Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 243) and preliminarily approved the Settlement Agreement. On June 8, 2015, the Court entered an Amended Order, which amended one aspect of the notice plan, as well as the schedule and Final Fairness Hearing date (*See* Doc. 256, FN 2). At 1:30 p.m. on October 15, 2015, the Court held a Final Fairness Hearing, at which all interested persons were given an opportunity to be heard. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements and arguments made in open court at the Final Fairness hearing.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d), including all members of the Settlement Class provisionally certified for settlement purposes only, by Orders dated May 19, 2015 and June 8, 2015 (Docs. 254 & 256), and defined as follows:

   **All Independent Marketing Representatives ("IMRs") and Referring Travel Agents ("RTAs") who paid initial up-front fees and any additional monthly fees to YTB International, Inc. and/or any of its subsidiaries on or before January 19, 2009 for the purchase of an Online Travel Agency, and (i) who kept their Online Travel Agency for less than eighteen (18) months, and (ii) have not already been provided a refund**, excluding (1) any IMRs/RTAs who received commissions in excess of the fees which they paid to YTB International, Inc. and/or any of its subsidiaries; (2) YTB International, Inc. and/or any of its subsidiaries, their employees, and all persons who have or had a controlling interest in the YTB International, Inc. and/or any of its subsidiaries' corporations; (3) YTB International, Inc. and/or any of its subsidiaries' legal representatives, predecessors, successors and assigns; (4) the judge who is assigned to this case and her immediate family;

(5) all persons who properly execute and file a timely request for exclusion from the class; and (6) counsel for Faye Morrison, John Stull, Kwame Thompson, Randall Quick, LaShonda Stiff, Jeffrey and Polly Hartman, Courtney Speed, Jorge Gonzalez, Nikky Shotwell, David and Susan Kleine, and Grace Perry in this class litigation.

2. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and Rule 23(b)(3). As set forth in the Court's Preliminary Approval Order, Rule 23(a) has been satisfied as there are thousands of members of the Settlement Class, there are questions of fact and law that are common to all members of the Settlement Class, the claim of the Class Representatives are typical of those of other Class Members, the Class Representatives have fairly and adequately protected the interests of the Settlement Class, and the Class Representatives have retained counsel experienced in complex class action litigation who have continued to represent the class adequately. As to Rule 23(b)(3), the superiority requirement is satisfied because a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy. The predominance requirement is also satisfied. The parties jointly request that this Court certify the class under Illinois law. The Court finds that the contractual stipulations (*see* Doc. 242-5) to the application of Illinois law conform to Section 187(2) of the Restatement because there is a substantial relationship between Illinois and the subject transactions,[1] and there is no State with a materially greater interest than Illinois in determining

---

[1] In paragraph 54 of their Fourth Amended Consolidated Complaint, which the Parties incorporate by reference and stipulate to for purposes of the motion, Plaintiffs provided the Court with over 35 facts that demonstrated the transactions at issue in this lawsuit primarily and substantially occurred in Illinois (Doc. 191, p. 13-15).

the legal issues of this lawsuit. *See* Restatement (2d) Conflict of Laws § 187(2). Further, the choice of law provision complied with Due Process because the Parties anticipated that Illinois law would govern their relationship. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 822 (1985) ("When considering fairness in this context, an important element is the expectation of the parties."). Accordingly, because the Parties' choice of law agreement complied with Section 187(2) of the Restatement and was thus enforceable under Illinois law, the Court certifies the Settlement Class under Illinois law.

3. The Court appoints the following Plaintiffs as Class Representatives: John Stull, Randall Quick, LaShonda Stiff, Faye Morrison, Jeffrey Hartman and Polly Hartman, Courtney Speed, Kwame Thompson, Jorge Gonzalez, Nikky Shotwell, Grace Perry, David Kleine and Susan Kleine. The Court appoints the following attorneys as class counsel: Christian G. Montroy from Montroy Law Offices; Jay L. Kanzler, Jr. from Witzel, Kanzler, Dimmitt & Kanzler, LLC; and Brian J. Massimino from Massimino Law, LLC.

4. The dissemination of the Notice of Proposed Settlement, as provided for in the Amended Preliminary Approval Order and contained within the attachment to Doc. 249 as amended by Doc. 255, was completed, and adequately informed the Class Members of the pendency of this Action, of the terms of the settlement, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. Plaintiffs' attorneys confirmed dissemination of Notice to the Court on October 15, 2015, and by written declaration of Christopher Longley

(president of Dahl Administration) attached to the Motion for Final Approval of Class Settlement and Award of Plaintiffs' Incentives, Costs and Attorneys' Fees (*See* Doc. 260-1). The Court finds that the Notice of Proposed Settlement constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Federal Rule of Civil Procedure 23.

5. Nine Class Members out of 233,398 eligible Class Members requested exclusion from the Settlement Class.

6. No Class Members objected to the Settlement Agreement, and no one appeared in Court to raise any objections to the settlement.

7. The Court approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate as to all Class Members. The Agreement was made in reasonable anticipation of liability, with consideration of the substantial additional costs, delays, and risks faced by all parties if litigation were to continue. Given the fact that YTB became bankrupt, the Settlement Amount, including the value of the Free Access Period[2] to be provided to the Class, is a fair, reasonable, and adequate settlement of the claims. The Settlement Agreement is a good compromised result for the Parties following good faith and lengthy arms-length negotiation between experienced and informed counsel

---

[2] As set forth in the Agreement, YTB Global Travel, Inc., the purchaser of the operating assets of Defendants YTB International, Inc., Yourtravelbiz.com a/k/a Ytb.com, YTB Travel Network, Inc., and YTB Travel Network of Illinois, Inc. ("Buyer") has agreed to participate in the settlement by providing to the Class Members an Online Travel Agency for a "Free Access Period." A "Free Access Period" shall refer to the ability of a Class Member to receive, at no cost to the Class Member, an Online Travel Agency for six months. A Class Member may earn commission on travel arranged through the Online Travel Agency. The Agreement states, and the Court finds, that the value of an Online Travel Agency for a Free Access Period is at least $549.00. This amount is based on the current price of $249.00 for new members to join and the current monthly membership fee of $50.00 for six months, or $249.00 + $50.00x6 = $549.00.

well-versed in class actions. No objections were made by Class Members; this fact also supports approval of the settlement. Further, this litigation has been ongoing for more than seven years. The process of approving the proposed settlement has been ongoing since November 2014, and the parties and the Court are aware of the magnitude of the case and the positions of the parties. At this stage, the Court and the parties possess ample information with which to evaluate the merits of the competing positions, and this fact also warrants approval of the Settlement Agreement. The Settlement Agreement (Doc. 242-1) is incorporated into and adopted as part of this Order.

8. The following nine individuals are excluded from the Settlement Class: Mildred Hughes, Leda Thaler, Marchal Santucci, Shawn and Tricia Kamp, Michael Grasa, Scott Marshall, Nancy Bucholz, and Alryta Gail Furbert. All remaining Class Members are bound by the terms of the Agreement and this Final Order and Judgment.

9. The eleven named Plaintiffs are each awarded $5,000.00 ($55,000.00 total) for their services on behalf of the putative class, which this Court finds to be reasonable and which will be paid by Defendants.

10. Class Counsel are awarded $213,994.02 in attorneys' fees and $12,508.18 in costs ($226,502.20 total), which the Court finds to be reasonable and will be paid by Defendants.

11. Any Class Member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing,

commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants and/or any of their agents and assigns in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Act and/or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants and its agents and assigns (including by seeking to amend a pending complaint to include class allegations or be seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

12. The terms of the Agreement and of this Final Order and Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

13. The Court grants final approval of the Settlement. This matter is **DISMISSED**

**with prejudice**.

14. Without affecting finality of this Order, the Court retains exclusive jurisdiction to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final judgment.

15. This is a final and appealable order and judgment, and there is no just reason to delay enforcement or appeal.

**IT IS SO ORDERED.**

**DATED:   October 30, 2015**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
